293 F.2d 157
 110 U.S.App.D.C. 318, 129 U.S.P.Q. 338
 COMMONWEALTH ENGINEERING COMPANY OF OHIO and Malvern J.
Hiler, Appellants
v.
Robert C. WATSON, Commissioner of Patents, Appellee.
COMMONWEALTH ENGINEERING COMPANY OF OHIO and Leo J. Novak, Appellants
v.
Robert C. WATSON, Commissioner of Patents, Appellee.
 Nos. 16243, 16244.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 17, 1961.
Decided June 1, 1961.
 
 Mr. George W. Stengel, Dayton, Ohio, of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of court, with whom Messrs. Harry A. Toulmin, Jr., and F. E. Drummond, Washington, D.C., were on the brief, for appellants.
 Mr. Jack E. Armore, Atty., United States Patent Office, with whom Mr. Clarence W. Moore, Sol., United States Patent Office, was on the brief, for appellee.
 Before DANAHER, BASTIAN and BURGER, Circuit Judges.
 DANAHER, Circuit Judge.
 
 
 1
 This is a consolidated appeal from judgments in the District Court dismissing two complaints brought under 35 U.S.C. 145 which were consolidated and tried together. Appellants at trial had sought through the testimony of their experts to show patentability with respect to certain chemical compounds, derivatives of dextran.
 
 
 2
 The corporate appellant is the assignee of appellants, Hiler and Novak, respectively. Both Hiler and Novak had filed applications claiming invention for new products having novel, unexpected and beneficial properties and uses. The Hiler application related to dextran ethers, said to be useful for simultaneously conditioning textile materials and stabilizing them against shrinkage on washing and relaxed drying. The Novak application related to dextran esters which, when mixed, might be extruded in accordance with various dry-spinning techniques to form artificial fibers or to be cast to give durable and stable films, sheets and coatings. The Primary Examiner found that the respective claims must be rejected on the ground that they were unpatentable over the prior art. The Patent Office Board of Appeals affirmed.
 
 
 3
 In the District Court, the trial judge deeming the testimony to be 'general' and 'not sufficient,' concluded that the appellants had not sustained their burden of proving that the action of the Patent Office was erroneous.[1]
 
 
 4
 The District Judge found that the subject matter of the various claims would be obvious to one skilled in the art in view of the cited references. He concluded that there 'is no invention in applying an old process to another and analogous material where there is at least a reasonable expectation of success.' After a determination that the claims are unpatentable, judgment was entered dismissing the complaints.
 
 
 5
 Our review of the record suggests that there was a substantial basis for the decision of the Patent Office. We agree with the District Judge that the new evidence offered in the trial court fell quite short of producing a 'thorough conviction' that the Patent Office had erred. Since the appellants have failed to demonstrate to us that the findings of the District Court were clearly erroneous, Fed.R.Civ.P. 52(a), 28 U.S.C.A., cf. Esso Standard Oil Co. v. Sun Oil Co., 97 U.S.App.D.C. 154, 229 F.2d 37, certiorari denied 1956, 351 U.S. 973, 76 S.Ct. 1027, 100 L.Ed. 1491, we are bound to affirm.
 
 
 6
 Affirmed.
 
 
 
 [1]
 Appellants' trial counsel in his oral argument in the District Court stated his case thus:
 'The whole issue, the legal issue here is: Because we use Dextran and this is the first time this has been done with Dextran, they say there is no invention because someone either has a product where he has used cellulose or he has used starch, but I don't find here any specific thing that employs any specific drugs that employ cellulose and starch that have the qualities and the pharmaceutical and medical advantages that we have when we use Dextran.'