**Merlyn O. LARSON, Appellant**

v.

**David L. LADD, Commissioner of Patents, Appellee.**

**No. 16297.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 19, 1961.

Decided Nov. 2, 1961.

Messrs. Thomas F. McWilliams, Chicago, Ill., a member of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, and Richard P. Schulze, Washington, D. C., for appellant.

Mr. Jack E. Armore, Attorney, United States Patent Office, with whom Mr. Clarence W. Moore, Solicitor, United States Patent Office, was on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court dismissing a complaint brought under 35 U.S.C. § 145 alleging that the Commissioner of Patents [appellee] had erred in refusing to grant a patent to appellant.

The claims before the District Court, numbered 13 and 14 in the application entitled "Hair Curler," were held unpatentable by that court, as were they in the Patent Office, because of prior art. The prior art relied on by appellee as negativing patentability consisted of an advertisement in a periodical called "Modern Beauty Shop," Vol. 41, August 1955, page 93, describing a hair curler, and a patent to one Isbell for "Hair Curler," No. 2,630,127, granted March 3, 1953.

The Examiner and the Board of Appeals of the Patent Office held the claims in controversy to be unpatentable as the Larson application simply consisted of a combination of old elements shown in the advertised curler and the Isbell patent. The District Court agreed, finding that the claims in suit were drawn to a combination of old elements and required merely the application of mechanical skill in forming the combination. The court further found that the subject matter of the claims, taken as a whole, would be

**434**

obvious to one skilled in the art. Accordingly, judgment was entered dismissing the complaint.

Our review of the record compels the conclusion that there was substantial basis for the decisions of the Patent Office and the District Court. As we said in Commonwealth Engineering Co. of Ohio et al. v. Watson, Commissioner of Patents, 110 U.S.App.D.C. 318, 293 F.2d 157, 158 (1961):

> "Since the appellants have failed to demonstrate to us that the findings of the District Court were clearly erroneous. Fed.R.Civ.P. 52(a) [, 28 U.S.C.A.], cf. Esso Standard Oil Co. v. Sun Oil Co., 97 U.S.App.D.C. 154, 229 F.2d 37, certiorari denied 1956, 351 U.S. 973, 76 S.Ct. 1027, 100 L.Ed. 1491, we are bound to affirm."

The same language may be used in connection with the instant case.

Affirmed.